### SAM ALEXANDER v. STATE.

No. 2076. Decided November 27, 1912.

Rehearing Denied January 8, 1913.

**1.—Occupation—Selling Intoxicating Liquors—Local Option—Plea of Guilty—Motion for New Trial.**

Where defendant contended that he did not know in entering his plea of guilty that he was charged with pursuing the occupation of selling intoxicating liquors in local option territory which was contested by the State, and the court heard testimony as to this issue on defendant's motion for new trial and found against him, there was no reversible error.

**2.—Same—Withdrawal of Plea of Guilty.**

While the defendant has the right to withdraw his plea of guilty at any time before the retirement of the jury, yet this question, under Article 938, Code Criminal Procedure, cannot be raised for the first time in the Court of Criminal Appeals where the defendant has not reserved same by bill of exceptions or motion for new trial in the court below. Distinguishing Noble v. State, 50 Texas Crim. Rep., 581, 99 S. W. Rep., 996.

**3.—Same—Verdict by Lot.**

Where the verdict was not arrived at by lot or chance, but was a compromise of differences arising between the jurors, it was not a verdict by lot and valid.

Appeal from the District Court of Comanche. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. P. Graham*, for appellant.—Cited Noble v. State, 50 Tex. Crim. Rep., 581; 99 S. W. Rep., 996.

. *C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant appeals from a judgment finding him guilty of pursuing the business or occupation of selling intoxicating liquors in prohibition territory.

The judgment in this case, among other things, recites: "This day this cause was called for trial and the State appeared by her district attorney, and the defendant Sam Alexander appeared in person and both parties announced ready for trial and the defendant Sam Alexander in open court in person pleaded guilty to the charge contained in the indictment, thereupon the said defendant was admonished by the court of the consequences of the said plea and the said defendant persisted in pleading guilty, and it plainly appearing to the court that the said defendant is sane and that he is uninfluenced in making said plea by any consideration of fear or by any persuasion or delusive hope of pardon prompting him to confess his guilt, the said plea of guilty is by the court received and is here entered upon the records of the court as the plea herein of said defendant."

There is in the record no bill of exceptions of any character, but the motion for new trial is sworn to, and is as follows: "His said plea of guilty was made by him under a misapprehension of the charge against him and of the circumstances of his arrest and prosecution in particular as follows: Defendant was arrested by the authorities of McLennan County, and without informing him of the particular charge against him defendant was delivered to the Sheriff of Comanche County, and by him placed in jail of Comanche County; on the 8th or 9th day of May, 1912, brought into this court and placed on trial, in which defendant entered his plea of guilty, but he shows to the Court that he had not seen the indictment against him nor heard the same read and did not know its contents and had not been served with a copy of the indictment under which he was tried, was under arrest and in jail from the time he was brought to Comanche as aforesaid until his trial; he shows to the Court that he was informed that he was charged with selling whisky in Comanche County, but believed it was for making but one sale only, and acting under such belief, he entered his plea as aforesaid; he shows to the Court that it is true that he did make one sale of intoxicating liquor to Clay Lester and only one under the following circumstances: Defendant was running a restaurant in the town of Comanche at the time and had some alcohol on hand for his own use. That said Clay Lester on the occasion referred to begged him to let him (Lester) buy a pint of said liquor, which this defendant in an unguarded moment permitted him to do, which is the only sale of intoxicating liquor this defendant has ever made to any person or persons, in Comanche County, Texas. Defendant here denies specifically that he ever sold intoxicating liquors to said Clay Lester and said Dan Norment or to other persons as charged against him in said indictment, except the single sale to Clay

Lester as above set out, so that the defendant shows to the Court that when he entered his plea of guilty he in good faith believed he was so pleading as to a single sale only and to no other sale. Defendant shows that he has had no attorney until after his conviction, being poor and without means to employ an attorney until friends came to his assistance after his trial. That he did not know the gravity of the charge against him until the indictment was read to the jury and he learned for the first time that he was charged with more than one sale of intoxicating liquors, and was confused; he shows that he consulted with the sheriff who had him under arrest and that the sheriff advised him that the easiest or best way would be to plead guilty, and knowing the fact to be that he (defendant) had made one sale only, defendant was thereby misled. Defendant shows that at the time charged in the indictment the said Dan Norment and defendant were personal enemies and were not on speaking terms, and that if the said Dan Norment procured any intoxicating liquors from defendant's restaurant it was done without any knowledge or consent of defendant at the time or afterwards. Defendant shows to the court that he has good reasons to believe and does believe that on another trial of this cause, after a fair and full investigation, no more than one sale of intoxicating liquors can be shown to have been made by him as hereinbefore stated, and he further states that when questioned by the court touching his plea of guilty his impression of one sale only and in truth and fact according to his understanding so entered his plea."

Thus it is seen that the only question presented for review by this motion was whether or not appellant knew at the time he entered the plea of guilty he was charged with pursuing the business or occupation of selling intoxicating liquors, or was under the impression that he was only charged with making a single sale. Appellant supports this plea by his testimony when the motion was heard, but the testimony of the district attorney and the affidavit of the sheriff would show that he was fully apprised of the offense charged against him at the time he entered the plea. The court hearing the motion evidently found the testimony of the district attorney and the sheriff to be true, and under such circumstances we would not be authorized to find otherwise. However, in this court, apparently for the first time, appellant seeks to raise the question, that although he entered a plea of guilty, he desired and told the court he desired to withdraw this plea before the court had delivered his charge to the jury. We want to say and emphasize the fact that any time before the retirement of the jury a person on trial would have the right to withdraw a plea of guilty, and put upon the State the burden of proving his guilt beyond a reasonable doubt. But is this question presented in a way that we can review it? As before stated, there is no bill of exceptions in the record, and Article 938 of the Code of Criminal Procedure provides that this court may affirm the judgment, or may reverse and remand, or may reverse and dismiss, or may reform and correct the

judgment, as the law and the nature of the case may require, but we shall presume the proceedings were regular and in accordance with law unless such matters were made an issue in the court below, and it affirmatively appears to the contrary by bill of exceptions properly signed and allowed by the judge, or proven up by bystanders and incorporated in the transcript. It is true that this court held in the case of Noble v. State, 50 Tex. Crim. Rep., 581; 99 S. W. Rep., 996, that the bill of exceptions could be reserved to the action of the court in overruling the motion for new trial. But in no case we have had our attention called to has it been held that the matter can be raised, on the evidence adduced on the trial, for the first time in this court. In the evidence adduced on the hearing of the motion for new trial two witnesses testified; one, Frank Cadenhead, says: "After he (defendant) had entered his plea of guilty he then went to the judge and said that he wanted to withdraw his plea of guilty and the judge told him it was too late then and said that he would hear him on a motion for a new trial." Mr. McCamey testified: "After the defendant plead guilty and the case was tried, then the defendant asked the court's permission to speak to a lawyer and he and the sheriff went off and talked to Mr. Kerby, and then he came back and told the court that he wanted to withdraw his plea of guilty. The court told him that he would hear him on his motion for a new trial."

These are all of the witnesses introduced by the appellant, and this testimony was not germane to any ground in the motion for new trial, there being no allegation that after entering a plea of guilty that he requested leave of the court to withdraw that plea. This not having been made an issue in the court below by any ground in the motion for new trial, it is too late to present it for the first time in this court, when no bill was reserved to the action of the court, if he did do so, in refusing to allow him to withdraw his plea of guilty before verdict, and no such complaint being made in the motion for new trial. The evidence adduced on the trial would support a verdict that appellant was engaged in the business or occupation of selling intoxicating liquors in prohibition territory, and as one of the witnesses states that the request of appellant to withdraw his plea of guilty was "after the case was tried," we are not authorized to find that the court acted improperly.

The only other ground in the motion for new trial we deem necessary to notice is the one that alleges the verdict was reached by lot or chance. The testimony heard on the motion shows that eleven of the jurors favored assessing the punishment at only two years in the penitentiary, while the twelfth man favored giving him three years. After discussing the matter, the twelfth man proposed that if the eleven would come to two years and one month he would agree to that verdict. This was agreed to by all the jury, and they so returned their verdict. This was not arriving at a verdict by lot or chance, but was a compromise of their differences upon which they all agreed.

We wish to reiterate that, although the defendant may have entered a plea of guilty, if, before the jury retired, he desired to withdraw such plea, he ought to have been permitted to do so, and if the court refused to permit him to do so, and if the matter was presented to us in a way we would under the law be authorized to review it, such action on the part of the court would present reversible error. But as this question is not presented in the motion for new trial nor in any bill of exceptions, under the statutes of this State we are not authorized to act thereon, and the judgment is affirmed.

*Affirmed.*

[Rehearing denied Jan. 8, 1913.—Reporter.]