Richard Paul **FAIRFIELD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 65394.

Court of Criminal Appeals of Texas, Panel No. 3.

Jan. 28, 1981.

Laird Palmer, Austin, for appellant.

Ronald Earle, Dist. Atty. and Ralph Graham, Asst. Dist. Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, ODOM and CLINTON, JJ.

## OPINION

CLINTON, Judge.

Upon his entry of a plea of guilty before a jury, appellant was convicted for committing aggravated rape, and his punishment was assessed at forty three years confinement; from that conviction, appellant prosecutes this appeal.

In seven grounds of error, appellant complains of the trial court's refusals to, respectively, "set aside" his plea of guilty and instruct a verdict of not guilty, apply the law of venue to the facts of the case, and sustain other objections to the charge; additionally, appellant claims that the trial court included a comment on the weight of the evidence in its jury instructions and that the evidence is insufficient to support the conviction.

The record reflects that on December 3, 1979, appellant elected in writing to have his punishment assessed by a jury pursuant to Article 37.07, § 2(b), V.A.C.C.P., in order to effect his right to jury resolution of the issues involved in assessing punishment upon entry of a plea of guilty. Article

26.14, V.A.C.C.P. Thereafter, on the same day, the trial court, prior to accepting appellant's plea, admonished him in accordance with Article 26.13, V.A.C.C.P., noted that no recommendation as to punishment was to be made by the State and accepted the plea of guilty. After a jury was selected, impaneled and sworn, the indictment was read and appellant entered his plea of guilty in their presence.

Consonant with Article 26.14, supra, the State's direct evidence demonstrated the circumstances surrounding appellant's aggravated rape of W___ A___, in order to enable the jury to determine the assessment of punishment. Briefly, that evidence established that just before dark on August 15, 1979, the complainant left Highland Mall to find a tire on her car was flat and a note on her windshield to that effect. Commencing to change her tire, complainant noticed a man, later identified as appellant, and a woman, walking toward her. After initially declining, complainant allowed appellant to finish changing the tire, and in response to a request by the woman with appellant, complainant agreed to give the couple a ride. It was later established that the tire on complainant's car had merely been deflated.

Complainant, who had lived in Austin only three months, drove according to appellant's instructions and was directed to stop at a house in a north Austin neighborhood where the other woman got out. Appellant then advised complainant that he would need a ride "about three miles" further, toward Manor, and told complainant to just follow his instructions; appellant continued to direct her down ranch and other secluded rural roads, some gravel, southeast of Austin. By this time it was dark, and complainant had begun to be afraid. After approximately an hour and a half of driving and conversing, appellant pulled a pistol out of a paper bag which had been handed him by his female companion

shortly before she was let out of the car. He instructed complainant to stop the car, which she did. Appellant led her to a creekbed where he forced complainant to remove her clothing; he penetrated her vagina with his penis, then began to beat her with the butt of his pistol.

After appellant had hit complainant several times, she was able to put most of her clothes back on, but he started beating her again. Finally, appellant choked complainant who decided to "play dead," and she in fact lost consciousness but was awakened by another blow to the head. When she remained still, appellant left, walking back to the road where he left in her car. In spite of her several injuries, including "scalp" and face wounds to the skull, complainant made her way about a mile to a house where the occupants summoned Bastrop County authorities.

Testimony established that the rape was actually committed in Bastrop County, approximately a mile and one half from the Travis County line. Bastrop County law enforcement witnesses were unable to cite with certainty exactly how the county line ran between Travis and Bastrop Counties in much of the vicinity where appellant directed complainant to drive on the night of the offense.

At the end of the first day of testimony, the State, out of the presence of the jury, requested that a special charge be submitted, (presumably, when the appropriate time came) instructing the jury as to the content of Article 13.15, V.A.C.C.P., which prescribes venue for the offense of rape.[1] Defense counsel voiced no objection, but requested notice of the content of the charge to be given. The court advised that it would simply track the statute. Defense counsel inquired,

"That's it? You're not going to apply the law to the facts?

1. Article 13.15, supra, provides in relevant part: "Rape may be prosecuted in the county in which it is committed, in the county in which the victim is abducted, or in any county through or into which the victim is transported in the course of the abduction and rape. * * *"

THE COURT: *No, sir, not on a plea of guilty.*[2] * * * Now, *if there was a question as to venue then I would charge on a plea of not guilty* that [the jury] would have to find by a preponderance of the evidence that the venue was proven. *But I think on a plea of guilty you don't have to do that.*

[DEFENSE COUNSEL]: Well, in view of the fact that the jury is not going to find him guilty—

THE COURT: *They will at my direction.*

[DEFENSE COUNSEL]: I mean other than at your direction. *Is the Court going to instruct them to find him guilty in the charge?*

THE COURT: *Yes, sir.*

[DEFENSE COUNSEL]: All right.

The next day, all testimony was concluded and after both sides had rested, appellant filed written objections to the court's jury charge,[3] which were overruled; defense counsel then stated that he had another motion to make outside the presence of the jury which was dictated to the court reporter thus:

"[Defendant] moves the Court *to set aside his plea of guilty and instruct this jury to acquit the Defendant and find him not guilty.*"

In support of this "motion," appellant argued that, notwithstanding the fact that by entry of his guilty plea before the jury he had "admitted all of the facts charged ... in the indictment," the burden was nevertheless on the State to adduce "evidence beyond a reasonable doubt of the essential elements of the offense charged;" that "venue" is an "essential element" of the offense which the State must prove beyond a reasonable doubt; that the uncontroverted evidence demonstrated that the offense occurred in Bastrop County; and thus, because the State had failed to prove the "element" of venue, "the Defendant, *regardless of his plea,* is entitled to an *instructed verdict of not guilty.*"

On appeal, the merit of all of appellant's contentions are inextricably tied to our determination of the merit of the first— whether the trial court erred in failing to "set aside" appellant's plea of guilty? The State, apparently conceding that the trial court should have set aside the plea, argues that the error was not harmful because evidence of appellant's guilt was overwhelming; therefore, says the State, no reversal should result. For the part of this Court, our attention has been seized by the remarkably misconceived legal arguments advanced by the parties in this cause, both at trial and before this Court; we therefore deem it a prerequisite to resolution of this appeal, that the law governing pleas of guilty and its relationship to the right to trial by jury in this State, be placed in context.

For historical reasons discussed in *Thornton v. State,* 601 S.W.2d 340 (Tex.Cr.App. 1980) (Opinion on motions for rehearing) it was an alien notion in both the days of the Republic and the early days of statehood that a citizen be convicted of a felony ·of-

---

**2.** All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

**3.** Pertinent to the issues to be resolved in this appeal are the following of appellant's objections: To the court's instruction to the jury that they find appellant guilty, the latter objected because it (1) constituted "an improper delegation of the Court's authority to a jury;" (2) was a comment on the weight of the evidence; (3) violated "the Court's duty to withdraw a Defendant's plea of Guilty and to find a Defendant 'Not Guilty' when the State has wholly failed to prove an essential element of the offense;" (4) violated the "defendant's right to a bifurcated trial wherein innocence/guilt is determined by the Court, and punishment is determined by

the jury;" (5) fails to apply the law to the facts; and (6) "denies Defendant his right to a trial by jury, *regardless of the plea of the Defendant.*"

To the charge requested by the State, regarding venue in a rape prosecution, appellant reiterated some objections made above, but also asserted that the venue charge was "irrelevant and immaterial to the *issue of the Defendant's punishment, which is the only issue before the jury,* and is calculated ... to prejudice [the jury] against the Defendant."

In this last regard, but it only, counsel's point was well taken; but we cannot agree that it contributed to a prejudicial assessment of punishment. At any rate, appellant did not bring this objection forward for appeal.

fense other than by verdict of a jury, there being no procedural method whatever for waiver of jury in the trial of a felony until 1931.[4]

■ Before a jury, the plea of guilty was early on characterized as "the acknowledgment of the facts charged," *Crow v. State*, 6 Tex. 334 (1851), and, though not amounting to waiver and release of all errors like a confession of judgment, its civil counterpart, *id.*, "a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt." This still viable precept has been most recently relied on in *Turnipseed and Howard v. State*, 609 S.W.2d 798 (Tex.Cr.App. 1980).

Concomitant to the above was the observation that in a guilty plea proceeding before a jury—because the plea established the facts alleged by indictment—"[the trial court] could assume as a fact the guilt of [the defendant]" and "[t]he question of reasonable doubt as to his guilt ... did not arise." *Warren v. State*, 68 S.W. 275, 276 (Tex.Cr.App.1902).[5]

■ In view of the conclusive effect of the entry of a guilty plea before the jury for evidentiary purposes on the issue of guilt, the Court was eventually called upon to determine whether a defendant's ex-

pressed desire to withdraw that plea and to enter a plea of not guilty, would reinvoke the power of the jury to arbitrate the issue of guilt, or restated, act as a revocation of his waiver of trial by jury. The Court's unequivocal reply, enunciated in *Alexander v. State*, 69 Tex.Cr.R. 23, 152 S.W. 436, 437 (1912), was as follows:

> "We want to say, and emphasize the fact that *at any time before the retirement of the jury* a person on trial would have *the right* to withdraw a plea of guilty, *and put upon the State the burden of proving his guilt beyond a reasonable doubt.*"

Thus, the vehicle for reimposing the State's burden of proof on the issue of guilt was established: Since the plea of guilty withdraws "guilt" as a fact question from the case, a defendant need only remove that impediment in order to place his guilt or innocence in issue for jury resolution, by withdrawing it and entering a plea of not guilty. And "the right" of a defendant to do so before the cause is submitted for deliberation, is an unqualified one, derived directly from the "inviolate"[6] right to trial by jury. Accord *McWherter v. State*, 571 S.W.2d 312 (Tex.Cr.App.1978).

■ Also flowing from the tenet that a plea of guilty before a jury obviates and

---

4. And even then, only on a plea of guilty to a non-capital felony, Articles 10a, 11 and 12, C.C.P. 1925, as amended by Acts 1931, 42nd Leg., ch. 43, p. 65, §§ 1, 2 and 3, until the 1965 revision of the Code of Criminal Procedure first authorized a bench trial on a plea of not guilty. See *Thornton*, supra; and Articles 1.13; and 1.15, V.A.C.C.P.

5. Citing *"Warren's* Case," this rationale was more fully explicated in *Stullivan v. State*, 47 Tex.Cr.R. 615, 85 S.W. 810, 812 (1905), where it was reasoned:

> "The reasonable doubt [charge on guilt] is never engendered or called for by the facts when the presumption of innocence does not obtain. It is but a corollary to and a part of the main proposition, which is the presumption of innocence. *Presumption of innocence and reasonable doubt do not apply except where there is an issue* on the facts, and only *as against criminative facts.* * * * *On the plea of guilty*, as presented *to the jury, there must be no criminative fact to be found by them;* that is, they were authorized to find appellant guilty ... on his plea alone."

See also *McWherter v. State*, 571 S.W.2d 312 (Tex.Cr.App.1978); *Glenn v. State*, 442 S.W.2d 360 (Tex.Cr.App.1969); *Lewis v. State*, 438 S.W.2d 816 (Tex.Cr.App.1969); *Reyna v. State*, 434 S.W.2d 362 (Tex.Cr.App.1968); *Darden v. State*, 430 S.W.2d 494 (Tex.Cr.App.1968); cf. *Richardson v. State*, 164 Tex.Cr.R. 500, 300 S.W.2d 83 (1957); *Jackson v. State*, 155 Tex. Cr.R. 466, 236 S.W.2d 623 (1951); *Edwards v. State*, 134 Tex.Cr.R. 153, 114 S.W.2d 572 (1938); *Anderson v. State*, 118 Tex.Cr.R. 194, 42 S.W.2d 1012 (1931); *Garcia v. State*, 91 Tex.Cr.R. 9, 237 S.W. 279 (1922); and *Alexander v. State*, 69 Tex.Cr.R. 23, 152 S.W. 436 (1912).

6. Article I, Sec. 15 Tex.Const., as adopted in 1876, still reads in part:

> "The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same and to maintain its purity and efficiency;" see also Article I, Sec. 10 Tex.Const. and Article 1.12, V.A.C.C.P.

indeed precludes submission of fact issues regarding guilt, was the recognition that evidence offered by a party in the plea proceeding must be probative of the issue of *punishment*,[7] *Jackson v. State*, 155 Tex. Cr.R. 466, 236 S.W.2d 623 (1951), since that issue is the only one before the jury for arbitration.[8] The introduction of evidence is solely "to enable the jury to intelligently exercise the discretion which the law vests in them [to assess] the *penalty . . .*" *Darden v. State*, 430 S.W.2d 494, 495 (Tex.Cr.App. 1968) (and cases cited there). See also *Garcia v. State*, 91 Tex.Cr.R. 9, 237 S.W. 279 (1922).

Soon it was acknowledged that in order to apprise the jury of relevant "aggravating" evidence surrounding the defendant's admitted conduct which would be probative of the penalty issue, the State, as a practical matter by necessity, adduced evidence demonstrative of the facts and circumstances of the offense, even though "guilt" was not in issue and, thus, the State was fully relieved of the burden of proof thereon. *Id.*[9] It was in this context that the next crucial issue decided by the Court arose: Considering the "inviolate" right to trial by jury, what is the proper course when, incidental to the State's proof of the circumstances of the offense relative to punishment, a substantive issue as to the defendant's *guilt* arises, in view of the defendant's plea of guilty which constitutes a conclusive admission of that issue?

The Court's first attempt at resolution of this quandary focused, understandably, on the denial of the right to trial by jury; finding error in the trial court's refusal to submit the issue of insanity at the time of the offense, as well as in the court's instruction to the jury to find the defendant guilty, all over objection, the Court reasoned in *Harris v. State*, 76 Tex.Cr.R. 126, 172 S.W. 975, 977 (1915):

"Wherever there is a contested issue before a jury in a criminal prosecution, it is the province of the jury to pass upon the weight of the testimony and the credibility of the witnesses, *and this is not different under a plea of guilty from the case where the plea is not guilty.* \* \* \* The fact that the court thought the defendant was sane to admit the plea of guilty did not take away from the jury the right to pass upon his sanity under the facts submitted to them. \* \* \* If the defendant pleads guilty, and the facts should develop that he is not guilty, but acted purely in self-defense, *it would be the duty of the court to see that no conviction was had, although a plea of guilty was entered.*"

Recognizing both the internal inconsistency and the conflict with *Alexander*, supra, created by the *Harris* rationale, (see statements italicized above), the Court, while approving "the spirit of that decision," soon branded its procedural implications as "fundamentally unsound"[10] in *Tay-*

7. And the requirement that such evidence be adduced was not only codified, see Article 555, Code Cr. Proc. 1895, but was also thereafter held to be mandatory "so that the State and the defendant may be protected in their respective rights, the defendant getting the benefit of any amelioration or extenuation, and the state any aggravating circumstances, that might attend the commission of the offense. \* \* \* [I]nstead of being merely for the benefit of the defendant, *it is more especially designed to protect the interest of the state, by preventing aggravated cases of crime being compromised by the assessment of minimum punishment.*" *Woodall v. State*, 58 Tex.Cr.R. 513, 126 S.W. 591, 593 (1910).

Though the present day successor to Article 555, supra, makes the introduction of evidence on punishment permissive, see Article 26.14, V.A.C.C.P., the interest of the State such intro-

duction was designed to protect, is equally as compelling today.

8. An exception to this we have encountered, was when a defendant pled guilty to murder, and then, guilt having been established, the jury was to determine the degree of the murder in anticipation of punishment assessment. See, e. g., *Martin v. State*, 36 Tex.Cr.R. 632, 38 S.W. 194 (1896) (Opinion on rehearing); *Stullivan v. State*, supra.

9. See also n. 5, *ante,* and cases cited there.

10. "It is unsound in that it ould lead to the engrafting on our system of trials of *a practice in which both pleas of guilty and not guilty would be permitted by the court and pass*

lor v. State, 88 Tex.Cr.R. 470, 227 S.W. 679, 686 (1921) (Opinion on motion for rehearing), and for the first time stated the now familiar procedural rule:

"We are of the opinion that in [a case such as *Harris*] *the correct procedure* should have been that it would at once become the duty of the trial court, upon a hearing under the plea of guilty, if the evidence introduced showed insanity, *to have the plea of guilty withdrawn and a plea of not guilty entered* upon behalf of the accused *and the issues fully and legally determined THEREAFTER* [by the jury], and our opinion is that the *Harris* case should have been reversed and remanded for the failure of the trial court to so proceed."

Accord and see generally *Montalvo v. State*, 572 S.W.2d 714 (Tex.Cr.App.1978); and *Edwards v. State*, 114 S.W.2d 572 (Tex.Cr.App. 1938).

With this understanding of the law regarding the entry of a plea of guilty before a jury,[11] we turn to consider whether in the instant case, the trial court had a duty to sua sponte withdraw. appellant's plea of guilty and enter a plea of not guilty for him in view of the evidence adduced by the State concerning "the county in which [the rape was] committed ... the county in which the victim [was] abducted, or ... any county through or into which the victim [was] transported in the course of the abduction and rape." See n. 1, *ante*.

 We observe that the evidence adduced by the State for purposes of punishment consideration, which was incidentally relevant to the venue in the case, did raise a substantial fact issue as to the propriety of the prosecution in Travis County.[12] But raising of a substantial fact issue involved in "guilt" will trigger the duty of the trial court to *sua sponte* withdraw the plea of guilty and enter a plea of not guilty, *only* when evidence is adduced which, if believed, *negates* the *guilt* of the defendant, as a matter of law, of the offense charged. E. g., compare *Montalvo*, supra, with *Asay v. State*, 456 S.W.2d 903 (Tex.Cr.App.1970); and *Garcia*, supra.[13]

---

guilty as can be; the saying that one was insane when he acted being legally equivalent to saying he was not criminally guilty." *Taylor*, infra, 227 S.W. at 686.

**11.** Other than *Thornton*, all cases cited, discussed and relied on throughout this opinion concern *only* the law regarding pleas of guilty *entered before a jury.*

It cannot be overemphasized that the statutory evidentiary and procedural law governing trials before the court, sitting without a jury, upon the plea of guilty, has evolved on the basis of different policy considerations, and is in fact entirely distinct from that treated herein.

For discussions of the law governing bench trials upon guilty pleas, see *Thornton*, supra; *Dinnery v. State*, 592 S.W.2d 343 (Tex.Cr.App. 1980) (Opinions on original submission and rehearing); and *Moon v. State*, 572 S.W.2d 681 (Tex.Cr.App.1978) (Odom, J., dissenting on original submission, adopted as majority opinion on rehearing at 681) (Onion, P. J., majority opinion on original submission, adopted as dissent on rehearing at 690).

**12.** The evidence conclusively established that appellant "committed" the rape in Bastrop County. Similarly, the evidence indicates that complainant was transported "through or into" Bastrop County "in the course of the abduction or rape;" however, the facts of the case create a question as to whether complainant was "abducted" in Travis County in view of the fact that "abduct" has no technical meaning in this context and the ordinary meaning invariably connotes the use of force. See, e. g., Webster's New Collegiate Dictionary (1977). While the evidence clearly revealed complainant's "abduction" by appellant when he produced a pistol from the paper sack, it is not established by the evidence that the weapon was exhibited at anytime in Travis County.

The State argues that Black's Law Dictionary, (4th rev. ed. 1968) defines "abduction" as the "offense of taking away ... by fraud and persuasion."

Without intimating our view of the sufficiency of the venue facts adduced by the State, we mention these perceptions of the proof to illustrate the fact question raised by the evidence.

**13.** In *Asay*, supra, the accused testified in the hearing on his guilty plea before the jury, that he was intoxicated when he exposed himself. Though the cautious trial judge thought that "intoxication" might negate the guilt of the accused and therefore require the withdrawal of Asay's plea of guilty on the court's motion, he was ultimately and correctly convinced that "intoxication" was not a *legal defense* to the offense committed, but was relevant only as a circumstance which could bear on mitigation of punishment.

■ So, assuming *arguendo* a failure of proof of the venue of the prosecution, does such negate the *guilt* of the accused? Clearly, it does not. Venue is not a "criminative fact" and thus, not a constituent element of the offense, *Edwards v. State*, 427 S.W.2d 629 (Tex.Cr.App.1968); therefore it need not be proved beyond a reasonable doubt, but rather, by a preponderance of the evidence. Article 13.17, V.A.C.C.P.

■ Nor does "venue," proper or not, affect the *power* of a district court to hear and determine a felony case; *Ex parte Watson*, 601 S.W.2d 350 (Tex.Cr.App.1980); *Etchieson v. State*, 574 S.W.2d 753 (Tex.Cr. App.1978); *Martin v. State*, 385 S.W.2d 260 (Tex.Cr.App.1968); "jurisdiction" is comprised not of the "place" of the prosecution, but of the power of the court over the "subject matter" of the case, conveyed by statute or constitutional provision, coupled with "personal" jurisdiction over the accused, which is invoked in felony prosecutions, by the filing of a sufficient indictment or information if indictment is waived. See generally *Garcia v. Dial*, 596 S.W.2d 524 (Tex.Cr.App.1980). Concomitantly, improper venue may be waived by the defendant's failure to raise it as an issue in the trial court, *Ex parte Watson*, supra; *Etchieson*, supra; and·this Court will presume that venue was established in the trial court absent appropriate presentation of such issue below. *Clark v. State*, 558 S.W.2d 887 (Tex.Cr.App.1977).

Thus it is evident, and we so hold, that the trial court had no duty to *sua sponte* withdraw appellant's plea of guilty, and enter for him a plea of not guilty, when a

fact issue arose as to the propriety of the prosecution being carried in Travis County. *Asay*, supra; *Garcia*, supra.

■ It is well settled, however, that a plea of *not guilty* places venue in issue and absent proof thereon, no conviction is warranted. E. g., *Shelton v. State*, 27 Tex.App. 443, 11 S.W. 457 (1889); *Tucker v. State*, 25 Tex.App. 653, 8 S.W. 813 (1888). We therefore next consider the question of whether appellant expressed his desire to withdraw his plea of guilty, enter a plea of not guilty, and thereby assert his right to trial by jury on the issues involved in guilt, including venue. If he did, the trial court committed reversible error, for in the face of such an assertion, the court has no discretion to deny it.[14] *McWherter*, supra; *Alexander*, supra.

While appellant did "move" the trial court to "set aside" his plea of guilty, he did not stop there, but added: "and instruct this jury to acquit the Defendant." In support of such request, appellant argued—and erroneously so, as we have shown—that the State had the *burden of proof, beyond a reasonable doubt*, upon a plea of guilty; that venue is an *element of the offense* which must be *so proved* by the State; that the evidence established Bastrop County as the only county of venue since the offense was *actually committed* there, then concluded by saying that the State had "wholly failed to prove an essential element of the offense: venue, and the defendant, regardless of his plea, is entitled to an *instructed verdict of acquittal*."

■ We cannot construe this "motion" and its supporting arguments, as sufficient

---

Similarly, in *Garcia*, supra, upon a plea of not guilty, the accused requested an instruction to the jury to acquit him if they believed that he shot the victim under the belief that the victim was attempting to steal melons that he was guarding for a third party. On denial of the defendant's request, he withdrew his plea of not guilty and entered a plea of guilty. In rejecting his sufficiency complaint on appeal, the Court pointed to the fact that even if appellant was laboring under the state of mind described above such would not establish a "legal justification" for commission of the offense proved.

14. Because of our disposition of this cause, we need not address the State's contention that an erroneous refusal on the part of the trial court to withdraw a plea of guilty when such is properly and timely asserted, may be rendered harmless by overwhelming evidence of guilt. But we are dubious that establishment of denial of the right to trial by jury requires any showing of "harm," or that the quantum of evidence on any issue is in any way substantively related to the right. See *Martin v. State*, 36 Tex.Cr.R. 632, 36 S.W. 587 (1896); and opinion on motion for rehearing, supra.

to apprise the trial court that appellant desired to place his guilt in issue for the jury to determine by withdrawing his plea of guilty, entering a plea of not guilty and thereby asserting his right to trial by jury. *Zillender v. State,* 557 S.W.2d 515 (Tex.Cr. App.1977). On the contrary, the action on the part of the trial court appellant was manifestly seeking, was that *the court* determine as a question of *law* that venue had not been proved, and accordingly, instruct the jury that appellant should be acquitted —again, as a matter of *law.* Such surely reflects the antithesis of appellant's desire to have the *jury* arbitrate the facts involved in guilt.[15]

We therefore hold that the trial court's ruling on appellant's "motion" was in every respect correct. *Lewis v. State,* 438 S.W.2d 816 (Tex.Cr.App.1969); *Reyna v. State,* 434 S.W.2d 362 (Tex.Cr.App.1968); *Darden,* supra; *Aills v. State,* 114 Tex.Cr.R. 229, 24 S.W.2d 1097 (1930); and *Garcia,* supra.

 In view of the conviction obtained upon appellant's plea of guilty, that plea alone having established the venue, as well as all the other facts alleged in the indictment, the evidence is sufficient to support the verdict, *Turnipseed and Howard,* supra, and all grounds of error asserting evidentiary insufficiency are overruled.

 Further, for the same reason, we hold that the trial court correctly denied appellant's requested jury instructions,[16] *Lewis,* supra; *Richardson v. State,* 164 Tex. Cr.R. 500, 300 S.W.2d 83 (1957); *Darden, Aills, Garcia,* and *Stullivan,* all supra.

**15.** In fact, appellant objected to the instruction to find him guilty, asserting that it was "an improper delegation of the Court's authority to a jury." [See objections to charge recited *ante,* in n. 3]

Attention is called to the fact that a "verdict" is an indispensable prerequisite to the entry of a valid judgment in *every* case, irrespective of the plea, unless the right to trial by jury has been waived. Article 37.01, 37.07, § 3(c), 37.12 and 42.01, V.A.C.C.P.

Appellant's attention is also directed to the fact that Article 37.07, § 2(a) providing our bifurcated system, is by its very terms *not applicable* to trials upon pleas of guilty; thus,

Article 36.14, V.A.C.C.P. provides that in all felony cases the judge "shall deliver to the jury, except in pleas of guilty where a jury has been waived, a written charge distinctly setting forth *the law applicable to the case.*" In view of appellant's conclusive admission of all facts charged in the indictment, the only legally appropriate application of the law to the facts available to the trial judge here, was an instruction to the jury to convict appellant upon his plea of guilty; such a charge was submitted, thus, no error is shown. *Lewis v. State,* 438 S.W.2d 816 (Tex.Cr.App.1969); *Arguijo v. State,* 142 Tex.Cr.R. 467, 154 S.W.2d 656 (1941).

The judgment of conviction is affirmed.

appellant not only had no right to a bifurcated trial, but this Court has repeatedly condemned such a practice.

**16.** Appellant's contention that the court's recitation in the charge of the salient content of Article 13.15, supra, regarding the venue in a rape prosecution, [see n. 1, *ante,* and accompanying text], constituted a comment on the weight of the evidence, is also without merit. Though irrelevant and thus superfluous, the referenced portion of the charge was merely a recitation of statutory law and in no way implicated the facts, or any issue resolved by the jury in this case.