TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00412-CR

Daniel Craig Halley, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT

NO. CR91-0401-B, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING

PER CURIAM

 Appellant pleaded guilty and judicially confessed to possessing less than twenty-eight grams of morphine. Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1,
§ 481.115, 1989 Tex. Gen. Laws 2230, 2936 (Tex. Health & Safety Code Ann. § 481.115, since
amended). The district court found that the evidence substantiated appellant's guilt but, pursuant
to a plea bargain agreement, deferred further proceedings without adjudicating guilt and placed
appellant on community supervision. The court subsequently revoked supervision on the State's
motion, adjudicated appellant guilty, and assessed punishment at imprisonment for seventeen
years.

 Appellant's only point of error is that the punishment is unconstitutionally
disproportionate to the offense. Appellant's notice of appeal, however, does not does not state
that the district court gave appellant permission to appeal. As a result, we have jurisdiction in this
cause only to consider jurisdictional issues. Watson v. State, 924 S.W.2d 711, 714-15 (Tex.
Crim. App. 1996); Tex. R. App. P. 40(b)(1). Appellant's point of error does not question the
jurisdiction of the district court over either the subject matter of this cause or appellant personally. 
Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981). Under the circumstances, we
do not have jurisdiction of this appeal.

 The appeal is dismissed.

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: October 23, 1996

Do Not Publish