NO. 07-00-0442-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 6, 2000

______________________________

DEXTER BROWN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 182ND DISTRICT COURT OF HARRIS COUNTY;

NO. 815898; HONORABLE JEANNINE BARR, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Dexter Brown appeals from a post-conviction order of the trial court denying his 
pro se
 motion to replace counsel appointed to represent him in a separate appeal from his conviction.  We dismiss this appeal for lack of jurisdiction.

BACKGROUND

Appellant Dexter Brown was convicted by a jury in the 182nd District Court of Harris County (the trial court) of aggravated robbery, and was sentenced to be confined in the Texas Department of Criminal Justice, Institutional Division, for 40 years.  Sentence was imposed on January 28, 2000.  Appellant timely filed notice of appeal from the conviction.  Appellant’s trial counsel was appointed to represent appellant on appeal.

On July 17, 2000, the trial court clerk filed a handwritten
 document dated July 12, 2000, by which appellant, 
pro se
, requested the trial court to remove the attorney appointed to represent him on appeal.  Appellant alleged various acts by the attorney which appellant classified as negligent and which appellant claimed constituted ineffective assistance of counsel.  On July 24, 2000, the trial court denied appellant’s request for removal of his appellate counsel.  On August 9, 2000, the trial court clerk filed a handwritten Notice of Appeal received from appellant.  The notice complained only of the “July 24, 2000, order denying to appoint [sic] appellant a new appeal attorney.” 

LAW

The right to appeal a criminal matter is conferred by the legislature, and a party may appeal only that which the legislature has authorized.  
Marin v. State
, 851 275, 278 (Tex.Crim.App. 1993); 
Galitz v. State
, 617 S.W.2d 949,  951 (Tex.Crim.App. 1981).  
A threshold question in any case is whether the court has jurisdiction over the pending controversy.  
State v. Roberts
, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996).  Jurisdiction is the power of the court over the subject matter of the case, conveyed by statute or constitutional provision, 
id
., coupled with personal jurisdiction over the parties.  
Flowers v. State
, 935 S.W.2d 131, 134 n.4 (Tex.Crim.App. 1996); 
Fairfield v. State
, 610 S.W.2d 771, 779 (Tex.Crim.App. 1981). 
 
Courts will address the question of jurisdiction 
sua sponte
.  
Roberts
, 940 S.W.2d at 657.  For, unless a court has jurisdiction over a matter, its actions in the matter are without validity.  
Id
. at 657 n.2.   

ANALYSIS

 The clerk’s record shows that appellant is appealing his conviction and the sentence imposed on January 28, 2000
, via a separate appeal to the Court of Appeals for the Fourteenth District, although the record in this appeal does not show that an appellate record has been filed in the Fourteenth Court of Appeals.  If the record has been filed in the Fourteenth Court of Appeals, then all other proceedings in the trial court (except as provided otherwise by law or the Texas Rules of Appellate Procedure) would be suspended, and a question would arise as to the validity of the order from which appellant now seeks to appeal.  
See
 
Tex. R. App. P
. 25.2(e).  

Assuming the validity of the trial court’s order in the absence of evidence of its invalidity, however, we do not find statutory authority for appellant to directly appeal from a post-conviction denial by the trial court of a motion to appoint a new appellate attorney to represent him in a separate appeal.  Thus, we do not have appellate jurisdiction over this appeal.  

CONCLUSION

The appeal is dismissed for lack of jurisdiction.  

Phil Johnson

    Justice

Do not publish.