NUMBERS 13-00-121-CR AND 13-00-122-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


CARLOS ARMADILLO
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 28th District Court


of Nueces County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Dorsey and

Rodriguez

Opinion by Justice Rodriguez



 Appellant, Carlos Armadillo, entered an agreed plea of guilty in
cause number 98-CR-3074-A to the offenses of indecency to a child,
aggravated sexual assault of a child, and injury to a child, and in cause
number 98-CR-3073-A to aggravated sexual assault of a child.(1) 
Pursuant to the plea bargain, the trial court sentenced appellant to eight
years imprisonment in each cause number, the sentences to run
concurrently. The court admonished Armadillo he could appeal only
with permission of the trial court. Appellant filed a general notice of
appeal in each cause number, requesting an appeal and a court-appointed attorney. No other notice appears in the record of either
cause number.

 Pursuant to Anders v. California, 386 U.S. 738, 744-45 (1967),
Armadillo's counsel filed an Anders brief presenting one arguable point
wherein he complains of ineffective assistance of counsel. Without
addressing counsel's contentions, we dismiss the appeal for want of
jurisdiction because Armadillo's general notice provides no basis for an
appeal from the plea-bargained judgment.

 Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure provides
that following an agreed plea of guilty, and where the punishment does
not exceed the punishment recommended by the prosecutor and agreed
to by the defendant, a notice of appeal must specify that (1) the appeal
is for a jurisdictional defect, (2) the substance of the appeal was raised
by written motion and ruled on before trial, or (3) state that the trial
court granted permission to appeal. See Tex. R. App. P. 25.2(b)(3). 

 Because Armadillo entered agreed pleas of guilty, and because the
punishment assessed in each cause number did not exceed the
punishment recommended by the prosecutor, rule 25.2(b)(3) limits our
jurisdiction over his appeals. First, Armadillo asserts no jurisdictional
defects, claiming only ineffective assistance of counsel.(2) Second, he
does not contend that his appeals are from issues raised by written
motion and ruled on before trial. Finally, Armadillo's notices of appeal
do not set out that the trial court granted him permission to pursue his
appeals.

 Because we conclude this Court is without jurisdiction, we
dismiss Armadillo's appeals.

 NELDA V. RODRIGUEZ

 Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 19th day of April, 2001.

 

1. See Tex. Penal Code Ann. §§ 21.11, 22.021(a)(B)(ii), & 22.04(a) (Vernon
Supp. 2001).
2. The Texas Court of Criminal Appeals has ruled that claims of ineffective
assistance of counsel are not jurisdictional. See Lyon v. State, 972 S.W.2d
832, 736 (Tex. Crim. App. 1994) (citing Fairfield v. State, 610 S.W.2d 771, 779
(Tex. Crim. App. 1981) (jurisdiction is power of court over "subject matter" of
case, conveyed by statute or constitutional provision, coupled with "personal"
jurisdiction over accused)).