NO. 07-04-0431-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 16, 2005

_____

PAMELA SUE GARZA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 31ST DISTRICT COURT OF LIPSCOMB COUNTY;

NO. 1096; HONORABLE STEVEN EMMERT, JUDGE

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

_____**MEMORANDUM OPINION**

Appellant, Pamela Sue Garza, pled guilty to a jury to possession of a controlled substance with intent to deliver. The jury returned a guilty verdict and sentenced appellant to seven years incarceration in the Institutional Division of the Texas Department of Criminal Justice. Appellant appeals her conviction. We affirm.

## Background

Based on information from a confidential informant, the Lipscomb County Sheriff's Office obtained a search warrant for appellant's home and gathered evidence indicating her participation in drug trafficking between Amarillo and Higgins, Texas.

At trial, appellant pled guilty before a jury. The trial court judge then informed the jury that instead of a bifurcated trial, there would be only one phase of the trial. After presentment of evidence on punishment, the jury, per its verdict form, stated "We, the jury having found the defendant, Pamela Sue Garza, guilty . . ." sentenced appellant to seven years incarceration in the Institutional Division of the Texas Department of Criminal Justice.

Appellant presents two issues on appeal. Appellant contends that the trial court erred by (1) failing to submit the issue of guilt/innocence to the jury, and (2) failing to admonish appellant as required. TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp. 2005).[1] We affirm.

### Issue One: Failure to submit issue of guilt to the jury after guilty plea

Appellant contends that the trial court should have submitted the issue of guilt to the jury, and obtained a written verdict, see art. 37.01, even on a guilty plea. See Fairfield v. State, 610 S.W.2d 771, 780 n.15 (Tex.Crim.App. 1981). Thus, appellant contends that the trial court erred by proceeding directly into punishment evidence without first directing the

---

[1] Further reference to the Texas Code of Criminal Procedure will be by reference to "art. __."

jury to return a finding of guilt. However, once a defendant pleads guilty to an offense, the plea itself is sufficient evidence to establish all the facts alleged in the indictment, id. at 780, and the trial no longer has separate guilt/innocence and punishment phases. Barfield v. State, 63 S.W.3d 446, 449 (Tex.Crim.App. 2001) (bifurcation statute, art. 37.07 § 2(a), applies only to pleas of not guilty before a jury). Appellant's guilty plea precluded submission of the issue of guilt to the jury, Fairfield, 610 S.W.2d at 776-77, and left only the issue of punishment to be determined during an unitary trial. See Carroll v. State, 975 S.W.2d 630, 631 (Tex.Crim.App. 1998). Thus, the jury had to return a verdict only on the issue submitted to it, which was the issue of punishment. See art. 37.01; Brinson v. State, 570 S.W.2d 937, 939 (Tex.Crim.App. 1978).

However, even assuming that appellant was entitled to a written verdict by the jury on the issue of guilt, the verdict form returned in this case stated that the jury "found the defendant, PAMELA SUE GARZA, guilty of the offense of POSSESSION OF CONTROLLED SUBSTANCE WITH INTENT TO DELIVER . . ." and assessed punishment within the same verdict form. This verdict is sufficient to fulfill the requirements of art. 37.01. See Brinson, 570 S.W.2d at 939. Appellant's first issue is overruled.

### Issue Two: Failure to admonish upon guilty plea

Both parties agree that the trial court did not give any written or oral admonishments, as required by art. 26.13. Specifically, appellant complains that the trial court failed to admonish her as to the applicable punishment range, art. 26.13(a)(1), and the possible consequences of a guilty plea on citizenship and immigration related issues,

3

art. 26.13(a)(4). Failure to admonish a defendant consistent with art. 26.13 is non-constitutional error subject to harm analysis. TEX. R. APP. P. 44.2(b);[2] see also Aguirre-Mata v. State, 992 S.W.2d 495, 499 (Tex.Crim.App. 1999). Under Rule 44.2(b), "Any other error, defect, irregularity, or variance [not under Rule 44.2(a)] that does not affect substantial rights must be disregarded."

Appellant contends that she was unsure of the punishment range because the prosecutor misstated the correct punishment range,[3] and that she was not aware of the correct punishment range until it was "too late for her to withdraw her plea." The State contends that appellant's substantial rights were not affected because it correctly stated the punishment range of incarceration during voir dire and the trial court correctly stated the applicable punishment range in the court's charge. Thus, the State contends that appellant knew the applicable punishment range, even though the judge erred in failing to give the admonishments. Although, appellant contends that without the admonishments "doubt is cast upon the voluntariness of her plea," our independent review of the record reveals no "grave doubt" that appellant's plea was voluntary. Burnett v. State, 88 S.W.3d 633, 638 (Tex.Crim.App. 2002). Further, appellant could have withdrawn her plea at any time prior to the retirement of the jury. See Fairfield, 610 S.W.2d at 776 (citing Alexander v. State, 69 Tex.Crim. 23, 152 S.W. 436, 437 (1912)).

---

[2] Further reference to the Texas Rules of Appellate Procedure will be by reference to "Rule __."

[3] During voir dire, the prosecutor incorrectly stated the maximum fine as being up to $10,000. On a charge of delivery of a controlled substance within a drug free zone, the maximum fine is up to $20,000. See TEX. HEALTH & SAFETY CODE ANN. § 481.134(c)(1) (Vernon Supp. 2005).

Appellant also contends the trial court's failure to admonish her of possible deportation consequences of her plea substantially harmed her and requires reversal even though the record is silent to appellant's citizenship status. The State counters that harm cannot be presumed by the trial court's failure to admonish appellant of deportation consequences given the lack of evidence concerning appellant's citizenship status. Contrary to appellant's position, without evidence of appellant's citizenship status, we have no basis to determine whether appellant's substantial rights were affected and are, therefore, required to disregard any error as harmless. Rule 44.2(b); see also Gorham v. State, 981 S.W.2d 315, 319 (Tex.App.–Houston [14th Dist.] 1998, pet. ref'd).

Under our duty to assess harm after a proper review of the record, we do not find any indication that appellant's substantial rights were affected by the trial court's failure to admonish appellant as to the applicable punishment range or of the possible deportation consequences of her plea. Further, the record does not indicate that appellant's plea was involuntary. We overrule appellant's second issue.

### Conclusion

Having overruled appellant's two issues, we affirm.

Mackey K. Hancock
Justice

Do not publish.