**Opinion issued December 18, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00291-CR

———————————

**DARIUS DAMASCUS BRIGGS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Court Cause No. 12-04-03646-CR**

---

## O P I N I O N

A jury found Darius Damascus Briggs guilty of violating the terms of his civil commitment order under Texas Health and Safety Code § 841.085, and it assessed his punishment at confinement for life. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.085 (West 2014). On appeal, Briggs contends that the trial court

erred in overruling his motion for a directed verdict, because a material variance exists between the indictment and the venue proof at trial. He further alleges that the evidence is legally insufficient to support the verdict. Finding no error, we affirm.

## Background

In May 2010, a Montgomery County trial court adjudicated Briggs to be a sexually violent predator and ordered him civilly committed under Texas Health and Safety Code § 841.081. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.081 (West 2014). The civil commitment order, in accordance with § 841.082, set forth Briggs's civil commitment requirements. *See id.* § 841.082 (West 2014).

Briggs attended a treatment program in El Paso County, as the civil commitment order required. In 2011, the treatment provider discharged Briggs from the El Paso program because Briggs failed to comply with a number of the program's requirements.

A grand jury then indicted Briggs for failure to comply with the order. The indictment provided that

> THE GRAND JURY, for the County of Montgomery, State of Texas, . . . upon their oaths present in and to said court that Darius Damascus Briggs, the Defendant . . . in the County and State aforesaid, did then and there intentionally or knowingly violate civil commitment requirements of Section 841.082 of the Texas Health and Safety Code . . . .

2

At trial, Briggs moved for a directed verdict on the ground that the indictment alleged that the offense had occurred in Montgomery County, while the State proffered evidence that the offense occurred in El Paso County. The trial court denied the motion.

## Discussion

The Texas Health and Safety Code § 841.085 provides that "[a] person commits an offense if, after having been adjudicated and civilly committed as a sexually violent predator under this chapter, the person violates a civil commitment requirement imposed under Section 841.082." TEX. HEALTH & SAFETY CODE ANN. § 841.085 (West 2014).

## I. Statutory Venue

*Standard of review*

A challenge to the trial court's ruling on a motion for a directed verdict is a challenge to the sufficiency of the evidence to support the conviction. *Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003); *Madden v. State,* 799 S.W.2d 683, 686 (Tex. Crim. App. 1990). We review both legal and factual sufficiency challenges under the same standard of review. *Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact–finder could have found the essential

elements of the charged offense proven beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); *Laster v. State,* 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).

*Analysis*

Venue is not a constituent element of an offense that must be proven beyond a reasonable doubt. *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981). "To sustain the allegation of venue, it shall only be necessary to prove by the preponderance of the evidence that by reason of the facts in the case, the county where such prosecution is carried on has venue." TEX. CODE CRIM. PROC. ANN. art. 13.17 (West 2014). The State must allege venue in its indictment. *Id.* art. 21.02. However, when the offense may be prosecuted in either of two counties, "the indictment may allege the offense to have been committed in the county where [it] is prosecuted, or in any county or place where the offense was actually committed." *Id.* art. 21.06.

The Legislature has adopted a venue statute for civil commitment violations of a sexually violent predator. It provides that "[a]n offense under Section 841.085, Health and Safety Code, may be prosecuted in the county in which any element of the offense occurs or in Montgomery County." *Id.* art. 13.315. The Code of Criminal Procedure provides that in all cases under Chapter 13, "the

indictment . . . may allege that the offense was committed in the county where the prosecution is carried on." *Id.* art. 13.17.

Briggs observes that the State tried him in Montgomery County and alleged in the indictment that he committed the offense in Montgomery County, but at trial proved that he violated the conditions of his civil commitment in El Paso. Relying on *Gollihar v. State,* 46 S.W.3d 243 (Tex. Crim. App. 2001), he contends that a material variance exists between the indictment and proof at trial. *Gollihar* provides the test for determining whether a variance between an indictment and evidence at trial is material. 46 S.W.3d at 257.

In *Gollihar*, the State charged the defendant with theft of a go-cart with a certain model number, but the State's witness testified that a go-cart with a different model number was stolen. *Id.* at 244. The defendant raised a legal insufficiency challenge on appeal. *Id.* The Court of Criminal Appeals held that the variance between the model numbers was not a material variance. *Id.* at 258. The Court reaffirmed the fatal variance doctrine and adopted a test for determining whether a variance is material:

> A variance between the wording of an indictment and the evidence presented at trial is fatal only if "it is material and prejudices [the defendant's] substantial rights." When reviewing such a variance, we must determine whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime.

*Id.* at 257 (quoting *U.S. v. Sprick*, 233 F.3d 845, 853 (5th Cir. 2000)).

Briggs's reliance on *Gollihar* is misplaced in a case of statutory venue. When the State alleges venue in a county of prosecution that the Legislature has expressly authorized by statute, no variance exists between the indictment and the proof at trial. *See Compton v. State*, 289 S.W. 54, 55–56 (Tex. Crim. App. 1926) (citing Act effective Sept. 1, 1925, 39th Leg., R.S., ch.2, art. 210 (amended 1973) (current version at TEX. CODE CRIM. PROC. ANN. art. 13.17 (West 2014))) (holding that no variance existed between indictment and proof at trial, when Code of Criminal Procedure clearly stated that indictment could allege that offense was committed in county of prosecution). In a case where two counties are proper for venue, the State need only allege venue in the county where the case was prosecuted—here, Montgomery County. *See* TEX. CODE CRIM. PROC. ANN. arts. 21.06, 13.17. Here, the State is statutorily authorized to allege that Briggs committed the offense in the county of prosecution. Because Chapter 13 of the Code of Criminal Procedure provides that a civil commitment violation "may be prosecuted . . . in Montgomery County," the State was not required to prove that the offense occurred in Montgomery County. *See id.* art. 13.315.

**II. Legal Sufficiency**

Briggs's challenge to the sufficiency of the evidence on the same basis is similarly without merit. Because Briggs was indicted and tried under § 841.085 of

6

the Health and Safety Code, the State did not need to prove that an element of the offense occurred in Montgomery County—Montgomery County is a statutorily appropriate venue without regard to the location of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 13.315 (West 2014); *Michaels v. State*, No. 01-13-00297-CR, 2013 WL 5604757, at *4 (Tex. App.—Houston [1st Dist.] Oct. 10, 2013, no pet.) (mem. op.) (holding that because venue statute for civil commitment authorized Montgomery County as appropriate venue, proof at trial was legally sufficient to convict, even though witnesses did not affirm that offense occurred in Montgomery County); *see also Goodwin v. State*, 416 S.W.3d 90, 94 (Tex. App.—Beaumont 2013, no pet.) ("Having established that it was prosecuting an offense under section 841.085, the State was not required to prove that Goodwin violated the commitment order while he was in Montgomery County; under the venue statute the location at the time of the offense was immaterial when the offense is prosecuted in Montgomery County."). Accordingly, we hold that the evidence was legally sufficient to support Briggs's conviction.

## Conclusion

We hold that no material variance exists between the indictment and the proof at trial, and the evidence was legally sufficient to support Briggs's conviction. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Higley, Bland, and Sharp.

Publish. TEX. R. APP. P. 47.2(b).