TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00619-CR







Larry Garrett, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 18,128, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING







PER CURIAM



 Appellant pleaded no contest and judicially confessed to possessing cocaine and to a
previous felony conviction. The district court found that the evidence substantiated appellant's guilt but,
pursuant to a plea bargain agreement, deferred further proceedings without adjudicating guilt and placed
appellant on community supervision. Later, after a hearing on the State's motion, the court revoked
supervision, adjudicated appellant guilty, and imposed sentence of imprisonment for forty years. 

 Appellant's court-appointed attorney filed a brief in which he concludes that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738
(1967), by presenting a professional evaluation of the record demonstrating why there are no arguable
grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Currie v.
State, 516 S.W.2d 684 (Tex. Crim. App. 1974); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). A copy of counsel's brief was delivered to appellant, and appellant was advised of his right to
examine the appellate record and to file a pro se brief. A pro se brief has been filed.

 Appellant's notice of appeal does not preserve for review the district court's rulings on
appellant's pretrial motions and does not state that the court gave appellant permission to appeal. As a
result, we have jurisdiction in this cause only to consider jurisdictional issues. Watson v. State, 924
S.W.2d 711, 714-15 (Tex. Crim. App. 1996); Tex. R. App. P. 40(b)(1). Appellant's pro se brief does
not question the jurisdiction of the district court over either the subject matter of this cause or appellant
personally. Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981). (1) In light of the frivolous
appeal brief, we have examined the record and find no basis for challenging the district court's jurisdiction. 
Under the circumstances, we do not have jurisdiction of this appeal.


 The appeal is dismissed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: October 9, 1996

Do Not Publish
1.   Appellant's pro se points of error complain of errors at the hearing on the motion to revoke
supervision. Jurisdictional questions aside, these contentions present nothing for review. No
appeal may be taken from the determination to proceed to adjudication. Phynes v. State, 828
S.W.2d 1 (Tex. Crim. App. 1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992);
Daniels v. State, 615 S.W.2d 771 (Tex. Crim. App. 1981); Tex. Code Crim. Proc. Ann. art. 42.12, §
5(b) (West Supp. 1996). This statutory prohibition applies to alleged violations of constitutional rights. 
Phynes, 828 S.W.2d at 2. After adjudication of guilt, all proceedings, including the appeal, continue as
if the adjudication of guilt had not been deferred. Art. 42.12, § 5(b).



TRONG>






Larry Garrett, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 18,128, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING







PER CURIAM



 Appellant pleaded no contest and judicially confessed to possessing cocaine and to a
previous felony conviction. The district court found that the evidence substantiated appellant's guilt but,
pursuant to a plea bargain agreement, deferred further proceedings without adjudicating guilt and placed
appellant on community supervision. Later, after a hearing on the State's motion, the court revoked
supervision, adjudicated appellant guilty, and imposed sentence of imprisonment for forty years. 

 Appellant's court-appointed attorney filed a brief in which he concludes that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738
(1967), by presenting a professional evaluation of the record demonstrating why there are no arguable
grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Currie v.
State, 516 S.W.2d 684 (Tex. Crim. App. 1974); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). A copy of counsel's brief was delivered to appellant, and appellant was advised of his right to
examine the appellate record and to file a pro se brief. A pro se brief has been filed.

 Appellant's notice of appeal does not preserve for review the district court's rulings on
appellant's pretrial motions and does not state that the court gave appellant permission to appeal. As a
result, we have jurisdiction in this cause only to consider jurisdictional issues. Watson v. State, 924
S.W.2d 711, 714-15 (Tex. Crim. App. 1996); Tex. R. App. P. 40(b)(1). Appellant's pro se brief does
not question the jurisdiction of the district court over either the subject matter of this cause or appellant
personally. Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981). (1) In light of the frivolous
appeal brief, we have examined the record and find no basis for challenging the district court's jurisdiction. 
Under the circumstances, we do not have jurisdiction of this appeal.


 The appeal is dismissed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: October 9, 1996

Do Not Publish
1.   Appellant's pro se points of error complain of errors at the hearing on the motion to revoke
supervision. Jurisdictional questions aside, these contentions present nothing for review. No
appeal may be taken from the determination to proceed to adjudication. Phynes v. State, 828
S.W.2d 1 (Tex. Crim. App. 1992); Olowosuko v. State, 826 S.W.2d 940,