**Opinion issued October 30, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00734-CV

————————————

## IN RE COMMITMENT OF RICHARD DARREN GOODWIN

---

## Original Proceeding on Application for Writ of Habeas Corpus

---

## MEMORANDUM OPINION

Applicant, Richard Darren Goodwin, filed this *pro se* application for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, with a few related motions in support of his application, on September 2, 2014. Although styled as a civil commitment habeas application, applicant used the standard form for a federal habeas petition under § 2254 to be filed in a federal district court. Applicant actually claims to seek federal habeas relief from his February 29, 2012 third-degree felony conviction, in Montgomery County, for violation of the terms of his 2005 sexually

violent predator ("SVP") civil commitment order, for which he received a prison sentence of twenty years.[1]  However, we lack jurisdiction to consider § 2254 applications because such applications seeking federal habeas relief by state prisoners can only be filed in federal court.  *See* 28 U.S.C. § 2254(a) (stating that "[t]he [U.S.] Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); *see, e.g.*, *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (stating that state prisoners who challenge the improper denial of good-conduct credit that may result in earlier release from prison must seek relief under § 2254) (citations omitted).

To the extent applicant claims he is actually challenging the amended SVP civil commitment order, we lack jurisdiction to consider it because such a civil appeal has already been dismissed in 2013 for want of jurisdiction by the Ninth Court of Appeals, which also concluded that mandamus relief was not warranted. *See In re Goodwin*, No. 09-12-00403-CV, 2013 WL 4399145, at *1 (Tex. App.—

---

[1] The underlying criminal case is styled as *Richard Darren Goodwin v. State of Texas*, No. 09-12-00223-CR, 435th District Court, Montgomery County, Texas, the Honorable Michael J. Seiler presiding.  Applicant's initial challenge to his 2005 SVP commitment order was rejected in 2006. *See In re Goodwin*, No. 09-05-00534-CV, 2006 WL 3027124, at *1 (Tex. App.— Beaumont 2006, no pet.) (citing Tex. Health & Safety Code Ann. §§ 841.001-841.15 (Vernon 2003 & Supp. 2006)).

Beaumont Aug. 15, 2013, pet. denied) (mem. op.). The Texas Supreme Court denied applicant's petition for review on January 3, 2014, and denied his rehearing motion on March 28, 2014. *See In re Goodwin*, No. 13-0739.

In any event, this application is construed as a criminal habeas application because the Texas Supreme Court has noted that, "while the initial commitment proceeding is civil, a prosecution for violating a condition of commitment is undoubtedly criminal." *In re Commitment of Fisher*, 164 S.W.3d 637, 654 (Tex. 2005) (citing TEX. HEALTH & SAFETY CODE ANN. § 841.085). If a civilly-committed "person is subsequently convicted of an offense, the statutory duties imposed through the civil commitment order are suspended while he is imprisoned for the new offense." *Goodwin v. State*, 416 S.W.3d 90, 97 (Tex. App.—Beaumont 2013, pet. ref'd).

Thus, to the extent this application is construed as a state criminal habeas application challenging applicant's third-degree felony conviction, the relief sought by applicant can only be granted by a post-conviction writ of habeas corpus. Applicant directly appealed his 2012 conviction and on October 30, 2013, his conviction was affirmed by the Ninth Court. *See Goodwin*, 416 S.W.3d at 98. After the Ninth Court's mandate issued on December 30, 2013, the Texas Court of Criminal Appeals denied applicant's two motions for an extension of time to file a petition for discretionary review on May 7 and June 3, 2014.

3

Only the Texas Court of Criminal Appeals has jurisdiction to grant state habeas relief in final post-conviction felony proceedings, which are governed by Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX CODE. CRIM. PROC. ANN. art. 11.07(3)(a) (West Supp. 2013); *Olivo v. State*, 918 S.W.2d 519, 525 n. 8 (Tex. Crim. App. 1996); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). Because applicant's conviction became final on December 30, 2013, this is a final post-conviction felony proceeding and, thus, we have no jurisdiction over this application. *See Medina v. State*, No. 01-14-00117-CR, 2014 WL 1494304, at *1-2 (Tex. App.—Houston [1st Dist.] April 15, 2014, no pet.) (mem. op., not designated for publication) (dismissing appeals of final post-judgment felony proceedings for lack of jurisdiction).

Accordingly, we **dismiss** the application for writ of habeas corpus for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f); TEX. CODE CRIM. PROC. ANN. art. 11.07(3)(a); 28 U.S.C. § 2254(a). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Higley, Bland, and Sharp.

4