**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00228-CV**
_____

**IN RE COMMITMENT OF DAVID DODSON**

_____

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 08-03-02882-CV**
_____

**MEMORANDUM OPINION**

In 2008, a trial court ordered the civil commitment of Appellant David Dodson after a jury found him to be a sexually violent predator (SVP). *See* Tex. Health and Safety Code Ann. § 841.003. In its order, the court committed Dodson to outpatient treatment to be coordinated by a case manager and ordered that Dodson participate in a course of treatment to be determined by the Council on Sex Offender Treatment (Council). Dodson appealed from the Final Judgment and Order of Commitment, and we reversed and remanded for a new trial. *See In re Commitment of Dodson,* 311 S.W.3d 194, 195 (Tex. App—Beaumont, 2010, pet. denied),

1

*abrogated by In re Commitment of Bohannan*, 338 S.W.3d 296 (Tex. 2012). In 2013, after a new trial, a jury unanimously found Dodson was an SVP under Chapter 841 and ordered that he be committed to outpatient treatment to be coordinated by a case manager. Dodson was ordered to participate in a course of treatment to be determined by the Office of Violent Sex Offender Management (Office). Dodson appealed, and this Court affirmed the trial court's judgment. *See In re Commitment of Dodson*, 434 S.W.3d 742, 744 (Tex. App.—Beaumont 2014, pet. denied).

In 2015, at the time of his scheduled biennial review, Dodson was incarcerated in the Texas Department of Criminal Justice due to his prior failure to comply with his civil commitment requirements. The trial court found that any duties imposed by Chapter 841 were suspended for the duration of Dodson's confinement and there was no requirement for the trial court to conduct a review hearing. *See* Tex. Health & Safety Code Ann. § 841.102. However, the court found that the sex offender treatment he received before and during his incarceration had not resulted in a change in his behavioral abnormality. The court ordered that (1) Dodson should remain a committed person pursuant to the Health & Safety Code until it was determined that he would no longer likely engage in a predatory act of sexual violence and all requirements of his original commitment, and (2) any modifications should remain in full force and effect.

In August of 2015, the State of Texas filed an Opposed Motion for Placement in Tiered Treatment Program requesting that due to legislative changes amending chapter 841 of the Health & Safety Code, the trial court hold a hearing for "all SVPs currently civilly committed to conform with the recent legislative changes," and to place Dodson in a "tiered treatment model" as described in the amended code. After a hearing, the trial court modified Dodson's commitment and ordered him placed into a "Tiered Treatment Program" and amended its order of civil commitment. Subsequently, Dodson filed an application for writ of habeas corpus attacking the modification of his treatment plan and the denial of his biennial review in 2015. He now appeals the trial court's denial of his application seeking relief through a writ of habeas corpus.

## Issue One

In his first issue, Dodson argues that he was denied due process guaranteed by the Texas Constitution, Article 1, section 19, and the Fourteenth Amendment of the United States Constitution when the trial court declined to conduct a biennial review in 2015.

After a person is committed under the SVP statute, the trial court retains jurisdiction over the person and subject matter of the individual's commitment. *See In re Commitment of Davis*, 291 S.W.3d 124, 127 (Tex. App.—Beaumont 2009, pet.

denied). The trial court is required to review the status of the person who has been committed every two years. *See* Tex. Health & Safety Code Ann. § 841.102.

> However, section 841.150(a) provides
>
> The duties imposed on the office and the judge by this chapter are suspended for the duration of a detention or confinement of a committed person in a correctional facility, secure correctional facility, or secure detention facility, or if applicable any other commitment of the person to a community center, mental health facility, or state supported living center, by governmental action.

*Id.* § 841.150(a). The record demonstrates that Dodson was due to have his biennial review on February 7, 2015. Neither Dodson nor the State dispute that on February 7, 2015, Dodson was confined in a correctional facility due to a parole violation of his criminal conviction. As such, the trial court's duty to conduct a biennial review required by Chapter 841 was suspended under section 841.150(a). *See id.* While Dodson directs this Court to case law that implores us to ensure incarceration takes "place pursuant to proper procedures and evidentiary standards[,]" we are to presume the statute is constitutional. *See Goodwin v. State*, 416 S.W.3d 90, 97 (Tex. App.—Beaumont 2013, no pet.) (citing Tex. Gov't Code Ann. § 311.021) ("We must presume that in enacting a statute, the entire statute is intended to be effective and a just and reasonable result is intended.") In *Goodwin*, we noted that in presuming the statue is "just and reasonable," we may "consider the object sought to be obtained and the consequences of a particular construction." *See id.* (citation omitted). Section 841.150 suspends the obligations of chapter 841, including a biennial review, if the

4

SVP is incarcerated. *See id.*; *see also* Tex. Health & Safety Code Ann. § 841.150(a). While the purpose of a biennial review is to review whether a requirement imposed on the person should be modified and whether probable cause exists to believe that the person is no longer likely to engage in another sexually violent act, if that person is incarcerated at the time of the scheduled review, that review is not necessary as the person would not be released from jail based on any findings of the biennial review. *See Goodwin*, 416 S.W.3d at 97-98. (explaining that the statutory duties imposed by 841.150 are suspended if the SVP is subsequently incarcerated). Accordingly, the statute is clear that if an SVP is incarcerated, "[t]he duties imposed on the office and the judge by this chapter are suspended for the duration of a detention or confinement[.]" Tex. Health & Safety Code Ann. § 841.150(a). We overrule Dodson's first issue.

**Issue Two**

In his second issue, Dodson argues that the trial court abused its discretion by placing him in a tiered treatment program as it violated "the separation of powers or procedural due process." Effective June 17, 2015, Senate Bill 746 amended Chapter 841 of the Texas Health and Safety Code in several respects. *See* Act of May 21, 2015, 84th Leg., R.S., ch. 845, 2015 Tex. Sess. Law Serv. 2700, 2700–2712. The Legislature created the Texas Civil Commitment Office (TCCO), charging TCCO with the responsibility for treatment and supervision of sexually violent predators.

*See id.* § 3 (current version at Tex. Health & Safety Code Ann. § 841.007). The TCCO was tasked with developing a tiered program of supervision and treatment that provides a seamless transition from a total confinement facility to less restrictive housing and supervision and eventual release from civil commitment, based on the person's behavior and progress in treatment. *See* Tex. Health & Safety Code Ann. § 841.0831. The program now transfers a committed person to less restrictive housing and supervision if the transfer is in the best interests of the person and conditions can be imposed that adequately protect the community, and a committed person may petition the court for a transfer to less restrictive housing and supervision. *See id.* § 841.0834.

If a civil commitment requirement imposed under Chapter 841, Health and Safety Code, differs from any of the civil commitment requirements of section 841.082, Health and Safety Code, as amended, the court with jurisdiction over the committed person shall, after notice and hearing, modify the requirement imposed as applicable to conform to that section. *See id.* § 841.082(e).

Assuming without deciding that constitutional error was preserved in this case, Dodson's constitutional challenges fail. *In re Commitment of Wetzel*, No. 09-15-00485-CV, 2017 WL 929480, at *1 (Tex. App.—Beaumont Mar. 9, 2017, no pet.) (mem. op.) (citations omitted) ("The rule of error preservation applies to facial challenges to the constitutionality of the SVP statute, as such challenges must first

6

be raised in the trial court to preserve them for review on appeal."); *see also* Tex. R. App. P. 33.1(a)(1). In 2016, we addressed the same contention and rejected it, along with a similar challenge later that year. *See In re Commitment of May*, 500 S.W.3d 515, 517–18 (Tex. App.—Beaumont 2016, pet. denied); *see also In re Commitment of Garza*, No. 09-15-00268-CV, 2016 WL 4485641, at *1 (Tex. App.—Beaumont Aug. 25, 2016, pet. denied) (mem. op.) ("We decline to revisit our holding in *May*, and we reiterate that Chapter 841 of the Texas Health and Safety Code, as amended in 2015, is neither punitive nor facially unconstitutional."). In *May*, we determined that the appellant's due process rights were not violated by modifying the existing order without re-initiating the process for an initial civil commitment. *See* 500 S.W.3d at 526–27. We explained that the statute requires a notice and hearing before any modification to the civil commitment order, and it is not a violation of due process for a judge to modify the commitment order to conform with the statutory amendments. *See id*. Furthermore, the original 2013 Order of Commitment provided that the Office was allowed to develop a treatment plan for Dodson and provided the Council leeway to amend such treatment plan in Dodson's best interest. *See id*.

Dodson's argument that the State's modification of his commitment order violates the separation of powers is without merit because the statute is clear that to modify the Order of Commitment, the appellant must be afforded notice and a hearing, something that Dodson does not contest that he received. We hold that the

7

trial court's amendment of Dodson's 2013 Order of Commitment to enroll him in the Tiered Treatment Program is not violative of his liberties under either due process or the separation of powers. *See In re Martinez*, No. 09-16-00263-CV, 2016 WL 4698645, at *1 (Tex. App.—Beaumont Sept. 8, 2016, no pet.) (mem. op.) (explaining that the appellant has no valid complaint about the constitutionality or trial court's authority to amend his existing commitment order so that it conformed to the Legislature's changes to the civil commitment program). We overrule his second issue.

### Conclusion

Having overruled all of Dodson's issues on this appeal, we affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on October 14, 2020
Opinion Delivered July 15, 2021

Before Kreger, Horton and Johnson, JJ.