TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00069-CR

Charles Lopez, Jr., Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT

NO. 18,593, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING

PER CURIAM

 Appellant pleaded guilty to an indictment accusing him of burglary of a habitation. 
Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 30.02, 1973 Tex. Gen. Laws 883, 926 (Tex.
Penal Code Ann. § 30.02, since amended). The district court found that the evidence
substantiated appellant's guilt and, pursuant to a plea bargain agreement, deferred further
proceedings and placed appellant on community supervision. The court subsequently revoked
supervision on the State's motion, adjudicated appellant guilty, and assessed punishment at
imprisonment for sixty years.

 Appellant's court-appointed attorney filed a brief in which he concludes that the
appeal is frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why
there are no arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); Jackson v. State, 485 S.W.2d 553
(Tex. Crim. App. 1972); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). A copy of counsel's brief was delivered to
appellant, and appellant was advised of his right to examine the appellate record and to file a pro
se brief. No pro se brief has been filed.

 Appellant's notice of appeal does not preserve for review the district court's rulings
on appellant's pretrial motions and does not state that the court gave appellant permission to
appeal. As a result, we have jurisdiction in this cause only to consider jurisdictional issues. 
Watson v. State, Nos. 1287-94 & 1288-94 (Tex. Crim. App. May 29, 1996); Tex. R. App. P.
40(b)(1). Appellant's brief does not question the jurisdiction of the district court over either the
subject matter of this cause or appellant personally. Fairfield v. State, 610 S.W.2d 771, 779
(Tex. Crim. App. 1981). In light of the frivolous appeal brief, we have examined the record and
find no basis for challenging the district court's jurisdiction. Under the circumstances, we do not
have jurisdiction of this appeal.

 The appeal is dismissed.

Before Justices Powers, Jones and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: August 14, 1996

Do Not Publish