TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00123-CR

Carlos Jimenez, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT

NO. CR91-0528-B, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING

PER CURIAM

 Appellant pleaded guilty to an indictment accusing him of burglary of a habitation. 
Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 30.02, 1973 Tex. Gen. Laws 883, 926 (Tex.
Penal Code Ann. § 30.02, since amended). The district court found that the evidence
substantiated appellant's guilt and, pursuant to a plea bargain agreement, deferred further
proceedings without adjudicating guilt and placed appellant on community supervision. The court
later revoked supervision on the State's motion, adjudicated appellant guilty, and assessed
punishment, enhanced by a previous felony conviction, at imprisonment for forty-three years.

 Appellant's court-appointed attorney filed a brief in which he concludes that the
appeal is frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why
there are no arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); Jackson v. State, 485 S.W.2d 553
(Tex. Crim. App. 1972); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). A copy of counsel's brief was delivered to
appellant, and appellant was advised of his right to examine the appellate record and to file a pro
se brief. No pro se brief has been filed.

 Appellant's notice of appeal does not preserve for review the district court's rulings
on appellant's pretrial motions and does not state that the court gave appellant permission to
appeal. As a result, we have jurisdiction in this cause only to consider jurisdictional issues. 
Watson v. State, 924 S.W.2d 711, 714-15 (Tex. Crim. App. 1996); Tex. R. App. P. 40(b)(1). 
Appellant's brief does not question the jurisdiction of the district court over either the subject
matter of this cause or appellant personally. Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim.
App. 1981). In light of the frivolous appeal brief, we have examined the record and find no basis
for challenging the district court's jurisdiction. Under the circumstances, we do not have
jurisdiction of this appeal.

 The appeal is dismissed.

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: September 11, 1996

Do Not Publish