NUMBER 13-00-540-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

_______________________________________________________________


KEVIN PERRY , Appellant,


v.


THE STATE OF TEXAS , Appellee.

________________________________________________________________


On appeal from the 23rd District C ourt

of Matagorda County, Texas.

_______________________________________________________________
O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo 

Opinion by Justice Castillo


Appellant Kevin Perry challenges the judgment of the Matagorda County District Court convicting him of the offense of
delivery of a controlled substance, in violation of Texas Controlled Substances Act section 481.112. Tex. Health & Safety
Code §481.112 (Vernon Supp. 2001). Appellant pled guilty and was sentenced to ten years in prison pursuant to a plea
bargain agreement. Appellant challenges the trial court's ruling on the grounds of ineffective assistance of trial counsel and
voluntariness of his plea. We dismiss the appeal for want of jurisdiction.

Factual Summary

Appellant was charged with delivery of more than one gram of cocaine, a second-degree felony. Because Perry had
previously been convicted of the offense of possession of a controlled substance on three separate occasions, he was
indicted as a habitual felony offender. Perry accepted a plea bargain that dismissed a pending drug possession charge, a
nonindicted delivery charge, and enhancement penalties for his prior felony possession convictions and was sentenced to
ten years in prison. 

Analysis

 Appellant's court-appointed counsel has filed a motion to withdraw as attorney of record in the current cause. Counsel has
filed a brief in which she concludes that the appeal is frivolous. Anders v. California, 386 U.S. 738, 744-745 (1967). 
Counsel has certified that she has given the appellant copies of the clerk's and court reporter's record and notified him of his
right to file a pro se response or brief. In her brief, counsel has pointed this Court to the arguable errors of ineffective
assistance of counsel and that the plea was not entered knowingly and voluntarily, pursuant to Texas Code of Criminal
Procedure article 26.13 (b), (c). Tex. Code. Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2001). For each arguable point of
error, counsel has given a professional evaluation of the record, demonstrating with references to both legal precedent and
pages in the record why there are no arguable grounds to be advanced. See High v. State, 573 S.W.2d 807, 812 (Tex.
Crim. App. 1978). 

The present appeal is precluded by Texas Rule of Appellate Procedure 25.2(b)(3), which limits an appellate court's
jurisdiction over an attempted appeal from a plea-bargained judgment to three specific circumstances:

But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal
Procedure article 1.15 and the punishment assessed did not exceed the punishment recommended by the prosecutor and
agreed to by the defendant, the notice must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.



Tex. R. App. P. 25.2(b)(3).



Here, appellant filed a general notice of appeal that failed to comply with the requirements listed above. The notice failed to
state that the appellant was given permission by the trial court to appeal. Thus, appellant's points of error must either have
been raised by written motion and ruled on before trial or specify jurisdictional defects. We need not address the merit of
counsel's contentions, as the claims of ineffective assistance of counsel and involuntariness of the plea were neither raised
by written motion prior to trial nor specify jurisdictional defects. The Texas Court of Criminal Appeals has ruled that
claims of ineffective assistance of counsel are nonjurisdictional. Lyon v. State, 872 S.W.2d 732, 736 (Tex. Crim. App.
1994) (citing Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim App. 1981)). In addition, a recent opinion by the Texas
Court of Criminal Appeals overturned previous caselaw allowing challenges based on the voluntariness of the plea to be
raised notwithstanding the requirements of rule 25.2(b)(3). Cooper v. State, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001). 
Therefore, we lack jurisdiction to address the merits of either of appellant's issues presented.

Conclusion

After reviewing the record as mandated by Penson v. Ohio, 488 U.S. 75, 82-83 (1988), we find that the appellant's counsel
has correctly concluded that the appeal is frivolous. We dismiss the appeal for want of jurisdiction and grant the motion of
appellant's counsel to withdraw as attorney of record. Furthermore, we order appellant's attorney to notify appellant of the
disposition of this appeal and of the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997).



ERRLINDA CASTILLO

Justice

Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 23rd day of August, 2001.