

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00277-CR

_____

HARLAN DEE JONES, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1505824D

---

Before Sudderth, C.J.; Birdwell and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. Introduction

A jury convicted Appellant Harlan Dee Jones of continuous sexual abuse of a child under fourteen years of age and indecency with a child by contact. The jury assessed punishment at imprisonment for fifty years for the continuous-sexual-abuse count and twenty years for the indecency-with-a-child count. In two issues, Appellant argues the following: 1) there is insufficient evidence that the charged offenses occurred in Tarrant County, and 2) the trial court abused its discretion in denying his motion to strike a venire member for cause. We overrule both issues and affirm the trial court's judgments.

### II. Background

When the complainant was eleven or twelve years old, she made an outcry to a school counselor that Appellant had been sexually abusing her. At trial, the complainant testified that Appellant sexually abused her from age eight until twelve. She stated that the abuse occurred "mostly every night or then -- every now and then when he got home from work" and involved "kissing and blow jobs" in exchange for things that she wanted from Amazon. She said that "it happened in Watauga where I used to live where we rented a house, but before, it was at the Diamond Hill Apartments."

Detective Travis Sherlock with the Fort Worth Police Department testified that he confirmed that "the [complainant] was reporting the most recent abuse happened

2

in Watauga at her home" and that the complainant was living at an address in Tarrant County, Texas. However, he stated that she also gave a different address where there "could have been a sexual abuse" at the Diamond Hill Apartments in Fort Worth, Tarrant County, Texas. Appellant denied all abuse allegations.

During voir dire, the defense attorney asked the venire panel members about their ability to consider the entire punishment range for the charged offenses. Specifically, the following exchange occurred with the prospective juror at issue in this appeal:

> [DEFENSE ATTORNEY]: This is after having found a defendant not guilty of continuous sexual abuse of a child, you have found him guilty of aggravated sexual assault of a child, intentionally or knowingly causing the mouth of a child younger than 14 years of age to contact the sexual organ of the Defendant or by causing the sexual organ of a child younger than 14 years of age to contact the sexual organ of the Defendant. Can you honestly give fair consideration to a sentence as low as five years?
>
> . . . .
>
> PROSPECTIVE JUROR: No.
>
> . . . .
>
> THE COURT: . . . [T]he attorney isn't asking you to commit that you will give a certain sentence. He's simply asking whether you will give fair consideration to what the law requires, which is five to 99 comma [sic] life.
>
> So when you say no, I want to make sure I understand you. You're saying, No, I could not follow the law?
>
> . . . .

3

PROSPECTIVE JUROR: . . . I understand it's the law, but I would have a difficult time giving five years if we found him guilty.

THE COURT: I understand. Could you consider that minimum range?

PROSPECTIVE JUROR: I would have a difficult time considering that range.

THE COURT: Well, I hate to push you further, but by law we're required to know whether you would or would not consider that -- fairly consider that five-year minimum sentence.

PROSPECTIVE JUROR: So I understand I'm supposed to consider, but I might think about it, and then say no. Does that count?

THE COURT: All right. Thank you.

As the voir dire continued, the defense attorney began asking questions "[o]n the [charge of] indecency with a child by sexual contact with the range of punishment -- is from two years minimum to 20 years maximum":

[DEFENSE ATTORNEY]: [C]ould you honestly give fair consideration to as low as two years?

. . . .

PROSPECTIVE JUROR: Yes.

At the conclusion of voir dire, counsel made their challenges for cause. As pertains to the issue in this appeal, defense counsel twice moved to strike the objectionable juror for cause "for not being -- considering the full range of punishment on an aggravated case." After the trial court denied the motions, defense counsel requested additional "strikes" because the trial court denied the challenge for

cause against the objectionable juror and four others. The trial court denied the request, and defense counsel said that he was forced to use one of his peremptory challenges against the objectionable juror.[1] A jury was seated and sworn.

The jury found Appellant guilty of continuous sexual abuse of a child under fourteen and indecency with a child by contact. Tex. Penal Code Ann. §§ 21.02, 21.11(a)(1). The jury assessed punishment at fifty years for the continuous-sexual-abuse-of-a-child conviction and twenty years for the indecency-with-a-child conviction. On appeal, Appellant does not challenge the sufficiency of the evidence supporting his convictions; instead, he raises issues regarding venue and voir dire.

## III. DISCUSSION

### A. Venue

For the first time on appeal, Appellant contends that the State failed to establish proper venue for trial of this case, arguing that "[w]hile the State presented evidence that the 'described offense sites' were in Texas, it failed to sufficiently connect them to Tarrant County, Texas with competent evidence." Therefore, "the verdicts in this case are not supported by legally sufficient evidence under *Brooks* or *Jackson*." *See Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979); *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). We disagree.

---

[1] The record shows that Appellant preserved his complaint with respect to the trial court's ruling. *See Green v. State*, 934 S.W.2d 92, 105 (Tex. Crim. App. 1996).

Although Appellant labels his venue complaint as a challenge to the sufficiency of the evidence to support his conviction, it is well established that venue is not an element of an offense, and the State's failure to prove it does not implicate sufficiency of the evidence and does not require acquittal under *Jackson*. *Schmutz v. State*, 440 S.W.3d 29, 35 (Tex. Crim. App. 2014). Instead, when a party raises a challenge to venue on appeal, the Texas Rules of Appellate Procedure require appellate courts to presume that venue was proven unless venue is "disputed in the trial court" or "the record affirmatively shows the contrary." Tex. R. App. P. 44.2(c)(1); *see Schmutz*, 440 S.W.3d at 35; *Smith v. State*, 316 S.W.3d 688, 694 (Tex. App.—Fort Worth 2010, pet. ref'd). Here, Appellant did not dispute venue in the trial court, and as demonstrated below, the record does not affirmatively show venue did not exist in Tarrant County.

The offenses of continuous sexual abuse of a child younger than fourteen and indecency with a child by contact may be prosecuted in the county: (1) in which an element of the offense was committed; (2) in which the defendant is apprehended; (3) in which the victim resides; or (4) in which the defendant resides. Tex. Code Crim. Proc. Ann. art. 13.075. Venue need only be proven by a preponderance of the evidence. *Id.* art. 13.17; *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim App. [Panel Op.] 1981). It may be established with direct or circumstantial evidence, and a jury may make reasonable inferences from the evidence to decide the venue issue. *Cox v. State*, 497 S.W.3d 42, 56 (Tex. App.—Fort Worth 2016, pet. ref'd).

6

Here, there was evidence from the complainant that the sexual abuse and indecency "happened in Watauga where [she] used to live where [her family] rented a house, but before, it was at the Diamond Hill Apartments." Detective Sherlock testified that both of those residences were in Tarrant County, Texas. Therefore, the record does not affirmatively show that venue in Tarrant County was improper. Appellant's first issue is overruled.

## B. Voir Dire

A prospective juror may be challenged for cause if he or she has a bias or prejudice against the defendant or against the law upon which either the State or the defense is entitled to rely. Tex. Code Crim. Proc. Ann. art. 35.16(a)(9), (c)(2). The test is whether the prospective juror's bias or prejudice would substantially impair his or her ability to carry out his or her juror duties in accordance with the instructions and oath. *Buntion v. State*, 482 S.W.3d 58, 84 (Tex. Crim. App. 2016). Bias exists as a matter of law when a juror admits that he is biased for or against the defendant. *Anderson v. State*, 633 S.W.2d 851, 854 (Tex. Crim. App. [Panel Op.] 1982). If bias or prejudice is not established as a matter of law, the trial court has discretion to determine whether it exists to such a degree that a juror is disqualified. *Id.*

Prospective jurors must be able to consider the full range of punishment for the particular statutory offense. *Cardenas v. State*, 325 S.W.3d 179, 184 (Tex. Crim. App. 2010). They must be able "to conceive both of a situation in which the minimum penalty would be appropriate and of a situation in which the maximum

7

penalty would be appropriate." *Johnson v. State*, 982 S.W.2d 403, 405 (Tex. Crim. App. 1998) (quoting *Fuller v. State*, 829 S.W.2d 191, 200 (Tex. Crim. App. 1992)). In addition, they must be able to consider "all points in between." *Cardenas*, 325 S.W.3d at 184.

We review a trial court's decision to deny a challenge for cause by looking at the entire record to determine whether there is sufficient evidence to support the ruling. *Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010) (citing *Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002)). We afford considerable deference to the trial court's ruling because the trial judge is in the best position to evaluate a prospective juror's demeanor and responses. *Id.* A trial court's ruling on a challenge for cause may be reversed only for a clear abuse of discretion. *Id.* When the prospective juror's answers are "vacillating, unclear, or contradictory, we accord particular deference to the trial court's decision." *Id.* (citing *Gardner v. State*, 306 S.W.3d 274, 296 (Tex. Crim. App. 2009)).

In this case, the record reveals that the prospective juror vacillated in her responses by initially saying that she could not consider a sentence as low as five years if Appellant was found guilty of aggravated sexual assault of a child and then stating, "I would have a difficult time considering that range." Finally, in response to the trial court's questioning, she said, "I might think about it, and then say no[.]" Later, when asked if she could "honestly give fair consideration to as low as two years" if Appellant was convicted of indecency with a child by sexual contact, the prospective

8

juror replied, "Yes." The prospective juror never stated that she would not follow the law or that she had a bias for or against Appellant. Based on this record, we defer to the trial court's ruling. In light of the totality of the responses given by the prospective juror, we cannot conclude that the trial court clearly abused its discretion in denying Appellant's challenge for cause. *See Mooney v. State*, 817 S.W.2d 693, 701 (Tex. Crim. App. 1991) (affording great deference to the trial court's denial of a challenge for cause because the trial court was in the best position to consider "demeanor and tone of voice, etc." to determine the precise message intended). Therefore, we overrule Appellant's second issue.

## IV. Conclusion

Having overruled both of Appellant's issues, we affirm the trial court's judgments.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 30, 2020

9